LeGIERSE & CO. v. GETZENDANER & FERRIS ET AL

SUPREME COURT, AUSTIN TERM, 1882.

*Judgment lien—Requisites of Record.*—To create a judgment lien upon land, under the Revised Statutes, it is necessary to have recorded in the county where the land is situated an abstract of the judgment, showing "the amount for which the same was rendered, and the amount still due upon the same." *Held*, to be a material requirement, and unless complied with, no lien would exist.

*Interest in land under verbal agreement not subject to seizure and sale.*—A verbal agreement to convey land in consideration of labor to be performed, is not such an agreement that could be enforced, and a claim to land under such agreement is not subject to seizure and sale.

Appeal from Ellis county.—Appellants, LeGierse & Co., as plaintiffs below, brought suit on August 25, 1881, in the form of an action of trespass to try title, divest and vest title, etc., against Getzendaner & Ferris and others, defendants below, to recover title to certain town lots in the town of Waxahachie, Ellis county, Texas, setting out a full description of said lots, and claiming title to same

by virtue of a sale under an execution issued out of the County Court of Collin county, Texas, on a judgment in favor of LeGierse & Co. v. Ingram & Co., on the —— day of January, 1881, an abstract of said judgment having been filed in the clerk's office of Ellis county, and recorded in judgment record book thereof, November 10, 1881, thereby creating a judgment lien on said property as the property of S. K. Ingram, defendant in execution, said Ingram having contracted, bought and paid H. H. Dunn for said property. That by collusion and fraud of defendants, H. H. Dunn was induced to make deed to Getzendaner & Ferris, on or about March 23, 1881, thereby defrauding plaintiffs of their just and equitable rights, acquired by virtue of their judgment and execution liens.

At the first regular court defendants Getzendaner & Ferris filed their original answer, September 9, 1881, pleading by general demurrer and general denial. At same term of court, on the twenty-eighth day of September, 1881, said Getzendaner & Ferris filed their amended answer, pleading general demurrer, and claiming all of said property in controversy except lot No. 25 in block No. 9; also general denial and plea of not guilty; and on said last date defendant H. H. Dunn filed his answer, presenting issues of general demurrer, general denial and disclaimer of all the lots in controversy except lot No. 25 in block No. 9, and plea of not guilty.

By agreement, a jury was waived and the cause tried by the court and judgment rendered for defendants, from which plaintiffs, LeGierse & Co., have appealed to this court.

The first assignment of error is as follows:

"The court erred in excluding and refusing to hear and consider as evidence the original abstract of a judgement rendered in the County Court of Collin county in favor of plaintiffs and against S. K. Ingram and Thomas Gray, as shown by plaintiff's bill of exceptions No. 1, the same being a judgment properly placed on the abstract records in Ellis county, and thereby becoming a lien upon the lots in controversy."

T. P. Powell and A. A. Kemble for appellants. Feris & Rainey for appellees.

Opinion by Watts, J.—To create a judgment lien upon land, under the Revised Statutes, it is necessary to have recorded in the county where the land is situated an abstract of the judgment. In giving the requisites of the abstract, the statute provides that among other things it shall show: "The amount for which the

amount for which the same was rendered and the amount still due upon the same."

One of the questions in this case is as to the effect of an omission to state in the abstract the amount still due upon the judgment. The position, that as the amount for which the judgment was rendered is shown, that the omission would be immaterial, as the presumption would be indulged that the amount for which the judgment was rendered would be the amount still due, is plausible. But when examined in the light of the various provisions of the statute upon that subject, and in connection with former laws with respect to the same, that proposition, however plausible, cannot be maintained.

Formerly the law did not require the record to show the amount still due upon the judgment; in this particular the Revised Statutes show a departure from the former law. The Legislature intended to effect some purpose by the change, as the presumption will not be indulged that it would do a useless thing. This idea also derives support from the provisions of the statute, as to how the record shall show subsequent credits upon or the satisfaction of the judgment. And also that sufficient space shall be left at the foot of each recorded abstract for the entry of credits and satisfaction of the judgments, and makes it the duty of the clerk to enter credits and satisfaction when furnished with the data.

A judgment lien is purely a creature of, and has no existence except as provided by, statute. It will not be controverted that in creating such a lien the Legislature could affix such conditions, impose such limitations, and give the lien such operation as it might will. Here the lien is brought into existence by a compliance with the terms of the statute; that is, a substantial compliance with all the terms, conditions and limitations imposed. The change in the statute was intended to remedy some evil that existed under the former law. That evil was that under the former law the plaintiff and defendant, by collusion, might secure to the defendant lands as against his creditors by an apparent judgment lien, when in fact that judgment had been satisfied. That being the evil or vice in former statutes, the remedy, so far as applied, becomes a material requirement of the statutes, and unless complied with, no lien would exist.

As the record book itself was an index, that is, so kept that it constituted an index as well as a record, this was a sufficient compliance with the statute in that particular. As shown, the record,

as kept by the clerk, furnished all the facilities for finding any particular abstract that could have been furnished by the keeping of a separate index.

If the abstract had been recorded in all respects as required by law, the judgment would not be reversed on account of the erroneous exclusion of the same. Ingram, the defendant in that judgment, taking the most favorable view of the facts in his behalf, never had any such interest in the land in controversy as would be the subject of seizure and sale, or to which a judgment lien would attach. He could not have maintained an action against Dunn for specific performance or recovered of him the land. At most, as between Ingram and Dunn, it was a verbal agreement to convey land, in consideration of labor to be performed. In the case of Stevens v. Lee, decided at the late Galveston term, it was held that such an agreement could not be enforced.

We award that the judgment of the court below be affirmed.

Report of Commissioners of Appeal examined, their opinion adopted, and judgment affirmed.—GOULD, C. J.